Peter Kristofer Strojnik, State Bar No. 242728
strojnik@skplaw.com
**THE STROJNIK FIRM LLC**
**A LIMITED LIABILITY COMPANY**
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
Telephone:  (602) 510-9409
Facsimile:   (602) 773-0370

Attorneys for Plaintiff THERESA BROOKE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim, | Case No: |
| Plaintiff, | |
| vs. | **VERIFIED AMENDED COMPLAINT** |
| PRZM, LLC, a California limited liability company dba Acqua Hotel, | (Jury Trial Demanded) |
| Defendant. | |

Plaintiff alleges:

## PARTIES

1.      Plaintiff Theresa Brooke is a married woman currently residing in Pinal County, Arizona. Plaintiff is and, at all times relevant hereto, has been legally disabled, confined to a wheel chair, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the California Unruh Civil Rights Act, California Civil Code § 51,

1  52, and the California Disabled Persons Act. Plaintiff ambulates with the aid of a

2  wheelchair due to the loss of a leg.

3      2.    Defendant, PRZM, LLC, owns and/or operates and does business as the

4  hotel, Acqua Hotel located at 555 Redwood Highway, Mill Valley, California 94941

5  and as http://www.marinhotels.com/acqua-hotel/home (the "website"). Defendant's

6  hotel is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A), which offers

7  public lodging services. The website is also a place of public accommodation pursuant

8  to 28 C.F.R. Part 36.

9  **INTRODUCTION**

10      3.    Plaintiff Theresa Brooke brings this action against Defendant, alleging

11  violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et

12  seq., (the "ADA") and its implementing regulations, the California Unruh Civil Rights

13  Act ("Unruh"), California Civil Code §§51, 52, and the California Disabled Persons Act

14  ("DPA"), California Civil Code §§54-54.3.

15      4.    Plaintiff is a disabled woman confined to a wheelchair. She brings this

16  civil rights action against Defendant for failing to design, construct, and/or own or

17  operate hotel facilities that are fully accessible to, and independently usable by, disabled

18  people. Specifically, Defendant's hotel, which is a place of public accommodation, has

19  barriers to access its hotel lobby area, and Defendant's website does not allow for the

20  reservation of ADA accessible rooms in violation of 28 C.F.R. § 36.302(e). Therefore,

21  Plaintiff seeks a declaration that Defendant's hotel violates federal law and an

22  injunction requiring Defendant to install means of access in compliance with ADA

23  requirements so that the hotel lobby is fully accessible to, and independently usable by,

24  disabled individuals, and an injunction requiring Defendant to install means on its

25  website to allow for the reservation of accessible lodging rooms. Plaintiff further

26  requests that, given Defendant's historical failure to comply with the ADA's mandate,

27  the Court retain jurisdiction of this matter for a period to be determined to ensure that

28  Defendant comes into compliance with the relevant requirements of the ADA, and to

1  ensure that Defendant has adopted and is following an institutional policy that will, in

2  fact, cause Defendant to remain in compliance with the law.

3      5.      In compliance with R10-3-405(H)(1), Plaintiff's address is c/o Peter

4  Kristofer Strojnik, her attorney, 2415 East Camelback, Suite 700, Phoenix, Arizona

5  85016.

6                      **JURISDICTION AND VENUE**

7      6.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42

8  U.S.C. § 12188. The Court has supplemental jurisdiction over the state law claims. 28

9  U.S.C. § 1367.

10     7.      Plaintiff's claims asserted herein arose in this judicial district and

11 Defendant does substantial business in this judicial district.

12     8.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c)

13 in that this is the judicial district in which a substantial part of the acts and omissions

14 giving rise to the claims occurred.

15             **THE ADA AND ITS IMPLEMENTING REGULATIONS**

16     9.      On July 26, 1990, President George H.W. Bush signed into law the ADA,

17 a comprehensive civil rights law prohibiting discrimination on the basis of disability.

18     10.     The ADA broadly protects the rights of individuals with disabilities in

19 employment, access to State and local government services, places of public

20 accommodation, transportation, and other important areas of American life.

21     11.     Title III of the ADA prohibits discrimination in the activities of places of

22 public accommodation and requires places of public accommodation to comply with

23 ADA standards and to be readily accessible, and independently usable by, individuals

24 with disabilities. 42 U.S.C. § 12181-89.

25     12.     On July 26, 1991, the Department of Justice ("DOJ") issued rules

26 implementing Title III of the ADA, which are codified at 28 CFR Part 36.

27     13.     Appendix A of the 1991 Title III regulations (republished as Appendix D

28 to 28 CFR part 36) contains the ADA standards for Accessible Design (1991

3

1   Standards), which were based upon the Americans with Disabilities Act Accessibility

2   Guidelines (1991 ADAAG) published by the Access Board on the same date.

3       14.    In 1994, the Access Board began the process of updating the 1991

4   ADAAG by establishing a committee composed of members of the design and

5   construction industries, the building code community, and State and local governmental

6   entities, as well as individuals with disabilities.

7       15.    In 1999, based largely on the report and recommendations of the advisory

8   committee, the Access Board issued a notice of proposed rulemaking to update and

9   revise its ADA and ABA Accessibility Guidelines.

10       16.    The Access Board issued final publication of revisions to the 1991

11   ADAAG on July 23, 2004 ("2004 ADAAG").

12       17.    On September 30, 2004, the DOJ issued an advanced notice of proposed

13   rulemaking to begin the process of adopting the 2004 ADAAG.

14       18.    On June 17, 2008, the DOJ published a notice of proposed rulemaking

15   covering Title III of the ADA.

16       19.    The long-contemplated revisions to the 1991 ADAAG culminated with

17   the DOJ's issuance of The 2010 Standards for Accessible Design ("2010 Standards").

18   The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010.

19   The 2010 Standards consist of the 2004 ADAAG and the requirements contained in

20   subpart D of 28 CFR part 36.[1]

21   **CORRESPONDING STATE LAW STATUTES**

22       20.    Unruh Civil Rights Act and the California Disabled Persons Act

23   incorporate ADA standards, so a "violation of the ADA also constitutes a violation of

24   both the Unruh Act and the DPA." *Californians for Disability Rights v. Mervyn's LLC*,

25

26

27   _____

28   [1] Though the Effective Date of the 2010 Standards was March 15, 2011, the deadline for existing pools to comply did not become effective until January 31, 2013, at which time the 2010 Standards became enforceable through civil actions by private plaintiffs.

4

1  165 Cal. App. 4th 571, 586, 81 Cal. Rptr. 3d 144 (2008); *Molski v. M.J. Cable*, Inc., 481

2  F.3d 724, 731 (9th Cir. 2007).

3    21.    Unruh provides for injunctive relief, monetary damages in an amount not

4  less than $4,000.00, and for the recovery of attorney's fees and costs.

5    22.    The DPA provides for monetary damages in an amount not less than

6  $1,000.00 and for the recovery of attorney's fees and costs.

7    **ALLEGATIONS COMMON TO ALL COUNTS**

8    23.    Plaintiff and her husband are avid travelers to California. Due to

9  Plaintiff's many special needs, she requires the use of lodging rooms that are accessible

10  to her and have the standard accessibility features such as roll-in showers, adequate

11  spacing around the furniture in the lodging room, grab bars surrounding the toilet, and

12  other commonly-accepted accessibility features.

13    24.    In addition to Plaintiff having to rely on a wheelchair for locomotion due

14  her having only one leg, she also suffers from arthritic pain. While on trips with her

15  husband, she needs the use of the hotel swimming pool and Jacuzzi, as both help soothe

16  her arthritic pain. In fact, lack of access to a hotel's pool facilities is a non-starter for

17  her if she is to book a room.

18    25.    Without the presence of an ADA-compliant pool lift that is in position for

19  use, it is impossible for Plaintiff to enter a swimming pool or Jacuzzi. Plaintiff was

20  aware that Defendant's hotel pool facilities had accessible means of entry, and therefore

21  she wished to lodge there for a night.

22    26.    On or about August 5, 2017, Plaintiff was in Mill Valley and went to

23  Defendant's hotel to book a room. However, she was unable to enter the lobby area

24  because there is a large six-inch curb extending the entire length of the area where cars

25  drive up for check-in. There was a clearance in the curb about 30 yards away, but the

26  clearance was blocked by cars parked in parking spaces. She therefore could not enter

27  the lobby area and was therefore deterred from booking a room there. Her husband

28  lodged a complaint at the front desk. She lodged somewhere else nearby.

5

27.    Plaintiff has personal knowledge of a barrier related to her disability, that is, the lobby at Defendant's hotel is inaccessible to her by virtue of her confinement to a wheel chair, and is currently deterred from returning to Defendant's accommodation by this accessibility barrier. Therefore, she has suffered an injury-in-fact for the purpose of her standing to bring this action.

28.    Plaintiff's disability prevents her from equal enjoyment as able-bodied persons have because her wheelchair cannot navigate a six-inch curb.

29.    Plaintiff is a frequent traveler to California and currently has plans to go the Bay Area again next month as well as in November of this year.

30.    As a result of Defendant's failure to provide disability access to the front entrance of the hotel lobby, Plaintiff will not lodge at the Defendant's place of accommodation in the future for planned trips. However, notwithstanding the barriers at issue, Plaintiff will lodge at Defendant's hotel in either September of November for her planned trips to the Bay because she liked the location of the hotel and its unique architecture. By the time she returns, it is anticipated that Defendant will have removed the barriers complained of herein, which will provide Plaintiff will full and equal access for her planned trips.

31.    In fact, in furtherance of her plan to lodge at Defendant's hotel, she attempted to book a room at Defendant's website. After several attempts to book at Defendant's website, however, Plaintiff was unable to book an accessible room on the hotel website even though she had the ability to book a *non*-accessible room. Stated another way, Defendant permits patrons to book *non*-accessible rooms via its hotel website but does not permit patrons to book an accessible room online. Additionally, Defendant does not even list accessible rooms as room-type on its website. Accordingly, Plaintiff was deterred from using the online reservation system, but she will check back periodically to see if Defendant modifies its policies to allow the online

reservation of accessible rooms; for now, Plaintiff will simply reserve in person when she returns later this year.

32.    The modification of a website is a very simple endeavor and therefore readily achievable.

33.    The existence of barriers to use the hotel lobby at Defendant's hotel deterred Plaintiff from staying or returning to seek accommodations at Defendant's hotel.

34.    As a result of Defendant's non-compliance with the ADA, Plaintiff, unlike persons without disabilities, cannot independently enter the hotel lobby.

35.    Plaintiff and other disabled persons have been injured by Defendant's discriminatory practices and failure to remove architectural barriers. These injuries include being deterred from using Defendant's hotel due to the lack of access to the hotel lobby.

36.    Without injunctive relief, Plaintiff and others will continue to be unable to independently use Defendant's hotel lobby in violation of her rights under the ADA.

37.    Other potential violations and barriers to entry at Defendant's hotel may be discovered through an expert inspection of the hotel property pursuant to Rule 34. So as to avoid piecemeal litigation to ensure full access to the entirety of the property at issue, Plaintiff will amend her complaint to allege all additional barriers discovered during the Rule 34 inspection. *Doran v. 7-Eleven*, 524 F.3d 1034 (9th Cir. 2008).

**FIRST CAUSE OF ACTION**
**(Violation of Title III the Americans with Disabilities Act)**
**(Hotel Lobby Barrier)**

38.    Plaintiff incorporates all allegations heretofore set forth.

39.    Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv), as described above.

40.     Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv). Compliance with the requirements of the ADA by removing or cutting out the curb would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

41.     Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv), as described above, is readily achievable by the Defendant. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

42.     Defendant's conduct is ongoing, and, given that Defendant has never fully complied with the ADA's requirements that public accommodations make lodging services fully accessible to, and independently usable by, disabled individuals, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

43.     Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendant's non-compliance with the ADA's requirements that its pool facilities be fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that its hotel lobby were fully accessible to, and independently usable by, disabled individuals;

8

b.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable,  a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its hotel lobby into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the hotel lobby is fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its lobby is fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of costs of suit;

d.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505 and other principles of law and equity and in compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines[2] in an amount no less than $3,500.00; and,

e.  Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the ADA; and

f.  The provision of whatever other relief the Court deems just, equitable and appropriate.

---

[2] As applicable to ADA cases, see *Coppi v.  City of Dana Point*, Case No. SACV 11-1813 JGB (RNBx) (February, 2015)

9

**SECOND CAUSE OF ACTION**
**(Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52)**
**(Hotel Lobby Barrier)**

44.     Plaintiff realleges all allegations heretofore set forth.

45.     Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

46.     Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

47.     Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

48.     Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $4,000.00.

49.     Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a.  A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

    b.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh similar to the permanent injunction demanded in Count One above; and

    c.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable , the payment of costs of suit; and

    d.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of attorneys' fees;

    e.  Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the Unruh; and

f.   For damages in an amount no less than $4,000.00; and

g.   The provision of whatever other relief the Court deems just, equitable and appropriate.

### THIRD CAUSE OF ACTION
**(Violation of the California Disabled Persons Act, Cal. Civ. Code §§54-54.3)**
**(Hotel Lobby Barrier)**

50.   Plaintiff realleges all allegations heretofore set forth.

51.   Defendant has violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

52.   The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

53.   Plaintiff has been damaged by the Defendant's non-compliance with the DPA.

54.   Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

55.   Pursuant to the DPA, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.   A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of CDPA; and

b.   Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to CDPA similar to the permanent injunction demanded in Count One above; and

c.   Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable , the payment of costs of suit; and

d.   Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of attorneys' fees;

e.  Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the DPA; and

f.  For damages in an amount no less than $1,000.00; and

g.  The provision of whatever other relief the Court deems just, equitable and appropriate.

**FOURTH CAUSE OF ACTION**
**(Violation of Title III the Americans with Disabilities Act)**
**(Website Reservation Discrmination)**

56. Plaintiff incorporates all allegations heretofore set forth.

57.  Defendants operate a website that does not allow a person to reserve an ADA accessible lodging room in the same manner as one can reserve a non-accessible room.

58.  Plaintiff attempted to book a room via Defendants' website, but she was unable to book an ADA accessible room despite the fact that Defendant allows patrons to book non-accessible rooms.

59.  Plaintiff is legally disabled and requires the use of an ADA accessible room or substantial help from her husband.

60.  Defendants discriminate against Plaintiff and other disabled Americans in not permitting her and others from reserving an ADA accessible room in the same manner as one can reserve a non-accessible room.

61.  28 C.F.R. § 36.302(e)(1) requires that hotel lodging establishments provide for the ability to reserve an accessible lodging room in the same manner as one can reserve a non-accessible room. Defendants have violated this regulation and the ADA by not allowing Plaintiff and other disabled Americans to reserve accessible rooms via its online reservation system.

62.  Defendant's conduct is ongoing, and, given that Defendant has never fully complied with the ADA's requirements that public accommodations make lodging services fully accessible to, and independently usable by, disabled individuals, Plaintiff

1  invokes her statutory right to declaratory and injunctive relief, as well as costs and

2  attorneys' fees.

3      63.    Without the requested injunctive relief, specifically including the request

4  that the Court retain jurisdiction of this matter for a period to be determined after the

5  Defendant certifies that it is fully in compliance with the mandatory requirements of the

6  ADA that are discussed above, Defendant's non-compliance with the ADA's

7  requirements that its online reservation system be fully accessible to, and independently

8  useable by, disabled people is likely to recur.

9      WHEREFORE, Plaintiff demands judgment against both Defendants as follows:

10     a.   A Declaratory Judgment that at the commencement of this action

11          Defendant was in violation of the specific requirements of Title III of the

12          ADA described above, and the relevant implementing regulations of the

13          ADA, in that Defendants took no action that was reasonably calculated to

14          ensure that their website is in compliance with 28 C.F.R. § 36.302(e);

15     b.   Irrespective of Defendants "voluntary cessation" of the ADA violation, if

16          applicable,  a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2)

17          and 28 CFR § 36.504(a) which directs Defendants to take all steps

18          necessary to bring their website into full compliance with the

19          requirements set forth in the ADA, and its implementing regulations, so

20          that the online reservation system is designed and implemented so that

21          ADA accessible rooms can be reserved through the online reservation

22          system;

23     c.   Irrespective of Defendants "voluntary cessation" of the ADA violation, if

24          applicable, payment of costs of suit;

25     d.   Irrespective of Defendants "voluntary cessation" of the ADA violation, if

26          applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28

27          CFR § 36.505 and other principles of law and equity and in compliance

28

with the "prevailing party" and "material alteration" of the parties' relationship doctrines[3] in an amount no less than $3,500.00; and,

e. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the ADA; and

f. The provision of whatever other relief the Court deems just, equitable and appropriate.

### FIFTH CAUSE OF ACTION
**(Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52)**
**(Website Reservation Discrimination)**

64. Plaintiff realleges all allegations heretofore set forth.

65. Defendants have violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above, in this instance regarding its online reservation system.

66. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

67. Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

68. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $4,000.00.

69. Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against both Defendants as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the

---

[3] As applicable to ADA cases, see *Coppi v. City of Dana Point*, Case No. SACV 11-1813 JGB (RNBx) (February, 2015)

14

ADA, in that Defendants took no action that was reasonably calculated to ensure that their website is in compliance with 28 C.F.R. § 36.302(e);

b.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendants to take all steps necessary to bring their website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the online reservation system is designed and implemented so that ADA accessible rooms can be reserved through the online reservation system;

c.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of costs of suit;

d.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505 and other principles of law and equity and in compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines[4] in an amount no less than $3,500.00; and,

e.  Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the ADA; and

f.  For damages in an amount no less than $4,000.00; and

g.  The provision of whatever other relief the Court deems just, equitable and appropriate.

## SIXTH CAUSE OF ACTION
**(Violation of the California Disabled Persons Act, Cal. Civ. Code §§54-54.3)**
**(Website Reservation Discrimination)**

70.   Plaintiff realleges all allegations heretofore set forth.

---

[4] As applicable to ADA cases, see *Coppi v.  City of Dana Point*, Case No. SACV 11-1813 JGB (RNBx) (February, 2015)

15

71.     Defendants have violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above, specifically as to the online reservation system at the subject hotel.

72.     The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

73.     Plaintiff has been damaged by the Defendants' non-compliance with the DPA.

74.     Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

75.     Pursuant to the DPA, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

WHEREFORE, Plaintiff demands judgment against both Defendants as follows:

a.   A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendants took no action that was reasonably calculated to ensure that their website is in compliance with 28 C.F.R. § 36.302(e);

b.   Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable,  a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendants to take all steps necessary to bring their website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the online reservation system is designed and implemented so that ADA accessible rooms can be reserved through the online reservation system;

c.   Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of costs of suit;

16

d.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505 and other principles of law and equity and in compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines[5] in an amount no less than $3,500.00; and,

e.  Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the ADA; and

f.  For damages in an amount no less than $1,000.00; and

g.  The provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 8th day of August, 2017.

**THE STROJNIK FIRM L.L.C.**



Peter Kristofer Strojnik (242728)
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Attorneys for Plaintiff

---

[5] As applicable to ADA cases, see *Coppi v. City of Dana Point*, Case No. SACV 11-1813 JGB (RNBx) (February, 2015)

17

1

**VERIFICATION COMPLIANT WITH R10-3-405**

2

I declare under penalty of perjury that the foregoing is true and correct.

3

4

DATED this 8th day of August, 2017.

5

6

_____
Theresa Brooke

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28